

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# USA v. Muhammad

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Muhammad" (2008). *2008 Decisions*. Paper 1708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4883
_____

UNITED STATES OF AMERICA

v.

LONDON SMITH
aka
SHAKIL MUHAMMAD
Shakil Muhammad a/k/a London Smith,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00329)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FUENTES and JORDAN, *Circuit Judges*
and O'NEILL*, *District Judge.*

Filed: January 24, 2008
_____

OPINION OF THE COURT
_____

_____
    *Honorable Thomas N. O'Neill, Jr., United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Shakil Muhammad, also known as London Smith, appeals his conviction and sentence for unlawful distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and for being a felon in unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). Finding no error, we will affirm.

## I.     Background

Because we write solely for the parties' benefit, we assume familiarity with the case and discuss only the background information necessary to our decision. Muhammad was indicted for the offenses already noted and, after some procedural steps not relevant here, he chose to plead guilty to those offenses. Before accepting the guilty plea, the District Court conducted a careful colloquy, which included the following exchanges with Muhammad:

> The Court:   Do you understand that the terms of the plea agreement are simply recommendations to the court, and that I can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence which is more severe than you may anticipate?
>
> Defendant:   Yes, Your Honor.
>
>                      *     *     *
>
> The Court:   Do you understand that the total statutory maximum term of imprisonment under the United States Code for these offenses is thirty years, a fine of 1.25 million dollars, ... a total of eight years of supervised release, and in addition to the costs of prosecution, denial of certain federal benefits, and a $200 assessment?

2

Defendant:    Yes, Your Honor.

                          *       *       *

The Court:    You should be advised that prior conviction can affect your guideline sentencing range... . Do you understand this?

Defendant:    Yes, Your Honor.

                          *       *       *

The Court:    Now, if your attorney or anyone else has estimated your guideline sentence at this time and I determine after I review the presentence report that the guideline is different from what has been estimated to you, you cannot withdraw your guilty plea. Do you understand that?

Defendant:    Yes.

                          *       *       *

The Court:    Do you understand that the guideline range is advisory only, and that after your guideline range has been determined that the court has the authority to impose a sentence that is more severe or less severe that the sentence called for by the guidelines?

Defendant:    Yes, Your Honor.

(Quoted in App. at 15-16.)

In short, Muhammad affirmed that he understood the penalties facing him, that he could not withdraw his guilty plea simply because it appeared he could receive a harsher sentence than he thought he would, and that he wanted to plead guilty because he was, in fact, guilty. (App. At 15-16, 64.) Nevertheless, after seeing the presentence report, Muhammad decided that he really did not want to plead guilty after all. He freely admits

3

that his change of heart came because he believed from the presentence report that he was facing a harsher sentence than he had earlier anticipated. Since the report suggested that he should be classified as a "career offender" and calculated his potential sentence on that basis, Muhammad decided that he really had not possessed his heroin with the intent to distribute it. It was, instead, his personal stash, for his personal use.

In a written opinion, the District Court declined to allow Muhammad to withdraw his guilty plea. That same day, an amended presentence report issued, saying that Muhammad should not be classified as a "career offender" and adjusting his guideline calculation accordingly. At sentencing a few days later, the Court agreed that the career offender designation was not applicable and proceeded to sentence Muhammad to 104 months imprisonment on each of the two counts of conviction, the time to be served concurrently. The sentence also included the payment of fines, special assessments, restitution, and supervised release.

## II.    Discussion

Muhammad makes two arguments on appeal.[1]  First, he argues that the District Court erred in refusing to allow him to withdraw his guilty plea. "We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." *United States v. Jones*, 336 F.3d 245, 252

---

[1]The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

(3d Cir. 2003) (citation omitted). Under these circumstances, there was no abuse of discretion in holding Muhammad to the plea he had freely entered.

Federal Rule of Criminal Procedure 32(e) provides, in pertinent part: "If a motion to withdraw a plea of guilty ... is made before a sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The defendant bears the burden of demonstrating he has a "fair and just" reason, "and that burden is substantial." *Jones*, 336 F.3d at 252. We have asked district courts to consider three factors when considering a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* We focus, as did the District Court, on the first two factors, since the government chose not to assert that it would be prejudiced by withdrawal of the plea.

As to the first factor, Muhammad does assert his innocence, claiming that he never intended to distribute the heroin that he packaged in 300 baggies. The District Court justifiably found the claim incredible, but, besides being beyond belief, such "[b]ald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Jones*, 336 F.3d at 252. Instead, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (internal quotation marks and citation omitted). Since Muhammad points to nothing in the record to justify his new claim of innocence, it does not support his effort to withdraw his guilty plea.

As to the second factor, i.e., the strength of the reasons for withdrawal, Muhammad again is unpersuasive.  Leaving aside the repeated affirmations he gave about the knowing and voluntary character of his plea, his argument for withdrawal is hard to take seriously because it is fundamentally illogical.  He admits that he is now taking a position about his guilt that is directly contrary to the one he asserted at his change of plea hearing, and the only explanation he has for the about-face is that his "contradictory positions are the result of his former counsel's failure to adequately advise him requisite to the guideline range."  (Appellant's Brief at 11-12.)  Whether Muhammad has any viable claim for post-conviction relief based on the allegation that his former counsel did not adequately explain sentencing possibilities to him is irrelevant to whether he is in fact guilty of the crimes with which he was charged.  The potential penalties do not change historical facts, including what his intent was when he possessed the heroin he still admits he possessed.  He admitted having the intent to distribute that heroin, and nothing he argues bears on that admission in the least.[2]  "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt

_____

[2]We note too that the only argument made about Muhammad's counsel being ineffective is that counsel failed to tell Muhammad he faced exposure to higher penalties as a career offender.  Since the District Court determined that Muhammad would not be treated as a career offender, we are left to wonder what the basis is for the ineffective assistance argument and hence for the motion to withdraw.

6

by pleading guilty." *Brown,* 250 F.3d at 815 (internal quotation marks and citation omitted).

Muhammad's only other argument on appeal is that the District Court erroneously applied a stolen firearms enhancement while calculating the applicable Guidelines range. We look for clear error when reviewing a district court's factual findings related to sentencing. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*). Our review of a district court's interpretation of the Sentencing Guidelines is plenary. *Id.* "We review the District Court's application of the Guidelines to facts for abuse of discretion." *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006) (citation omitted). The District Court did not abuse its discretion in imposing the stolen firearms enhancement in this case.

Section 2K2.1(b)(4) provides that a defendant's Guidelines offense level should be increased by two points if an unlawfully possessed firearm was stolen. In this case, the government provided at sentencing a police report stating that the firearm Muhammad possessed had been reported stolen. Muhammad complains that he was denied due process because the police report was hearsay and was provided only "moments before the [sentencing] hearing." (Appellant's Brief at 15.) The government points out in response, first, that the Federal Rules of Evidence do not apply at a sentencing proceeding. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing

7

an appropriate sentence."); U.S.S.G., § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").  The government next notes that Muhammad had long anticipated that exactly this type of evidence would be presented.  Indeed, Muhammad's sentencing memorandum, submitted over a month before the sentencing hearing, states, "defendant anticipates that the government will merely attempt to present evidence that the firearms were 'reported stolen'."  (Appellee's Brief at 19.)  Since we can discern no unfair surprise nor any lack of indicia of reliability in the report presented to the District Court, there was no abuse of discretion in choosing to believe the report and impose the two-point enhancement.

## III.   Conclusion

Accordingly, we will affirm the conviction and judgment of sentence.